UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**CHARLIE PARKER, JR.,**

**Plaintiff,**

v.  Civil Action No. 2:16cv126

**CAROLYN W. COLVIN**
**ACTING COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Charlie Parker, Jr.'s ("Plaintiff's") Objections to the Magistrate Judge's Report and Recommendation. Doc. 19. For the reasons explained herein, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's Report and Recommendation ("R&R"), Doc. 18.

### I. BACKGROUND

Plaintiff does not object to the recitation of the procedural and factual background of this case contained in the R&R, which sets forth, inter alia, the following facts. Plaintiff filed an application for disability insurance benefits ("DIB")[1] with the Social Security Administration ("SSA") on August 13, 2012, which was denied in May 2013. R&R at 1. Plaintiff filed a second

---

[1] To qualify for DIB, an individual must meet the insured status requirements of the Social Security Act, be under the age sixty-five, file an application, and be under a 'disability' as defined in the Act. 'Disability' is defined, for the purpose of obtaining disability benefits, as the inability to do any substantial gainful activity, by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 404.1505(a); see also 42 U.S.C. §§ 423(d)(1)(A), 416(i)(1)(A). To meet this definition, the claimant must have a 'severe impairment' making it impossible to do previous work or any other substantial gainful activity that exists in the national economy. R&R at 7–8.
To qualify for DIB, an individual must also establish disability that commenced on or before the last day in which that individual met the insured status requirements of the Social Security Act. See 42 U.S.C. §§ 423(a), (c); 20 C.F.R. § 404.131(b).

1

application for DIB with the SSA on July 31, 2014, alleging a disability onset date of February 14, 2007. Id. at 1–2. Plaintiff subsequently amended his alleged disability onset date to June 1, 2012. Id. at 2. Plaintiff suffers from "various mental health issues, including bipolar disorder and PTSD." Id. Plaintiff claims that these debilitating conditions prevent him from working. See Doc. 1. ("Compl."). Plaintiff's application was denied initially and upon reconsideration. R&R at 2; R. 81, 96.[2] At Plaintiff's request, an administrative hearing was conducted on August 13, 2015. R&R at 2; R. 28–62. The Administrative Law Judge ("ALJ") concluded that Plaintiff was not disabled within the meaning of the Social Security Act and denied Plaintiff's claim for DIB. R. 13–23. Plaintiff sought to appeal the ALJ's decision, but the Appeals Council denied his request for review on January 19, 2016, making the ALJ's decision the Acting Commissioner of Social Security's ("Defendant's" or "the Commissioner's") final decision. R&R at 2; see also R. 16–19; 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On March 17, 2016, Plaintiff filed a Complaint against the Commissioner, seeking judicial review of the Commissioner's decision. See Compl. Defendant filed an Answer on August 1, 2016. Doc. 5. On August 9, 2016, Plaintiff filed a Motion for Remand. Doc. 7. After this Court referred the matter to the Magistrate Judge on August 12, 2016, Doc. 9, both Parties filed motions for summary judgment, Docs. 13, 15. On April 17, 2017, the Magistrate Judge issued the R&R, which concludes that substantial evidence supports the ALJ's decision, that Plaintiff suffers "moderate" limitations, and that Plaintiff is capable of performing "light work." R&R at 9; R. 17–18. Accordingly, the Magistrate Judge RECOMMENDS that the Court DENY Plaintiff's Motion for Remand, Doc. 7, and Motion for Summary Judgment, Doc. 13, and GRANT Defendant's Motion for Summary Judgment, Doc. 15. R&R at 23.

On May 1, 2017, Plaintiff filed his objections to the R&R. Doc. 19. Defendant did not

---

[2] "R" refers to the Certified Administrative Record.

file a response to Plaintiff's objections. This matter is now ripe for the Court's consideration.

## II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, the Court reviews de novo any part of a Magistrate Judge's recommendation to which a party has properly objected. Fed. R. Civ. P. 72(b)(3). The Court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id. The Court reviews those parts of a Magistrate Judge's recommendation to which a party has not objected for clear error. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315–16 (4th Cir. 2005).

In exercising de novo review of the parts of a Magistrate Judge's recommendation to which a party has properly objected, the Court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge. Specifically, the Court's review of the Commissioner's decision is limited to determining whether that decision was supported by substantial evidence on the record and whether the proper legal standard was applied in evaluating the evidence. 42 U.S.C. § 405(g); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." Id. (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)) (internal quotation mark omitted). Courts have further explained that substantial evidence is less than a preponderance of evidence, but more than a mere scintilla of evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Importantly, in reviewing the ALJ's decision the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Id. (quoting Craig, 76 F.3d at 589) (internal quotation mark omitted) (final alteration in original). Thus, if the Court finds that there was

3

substantial evidence to support the ALJ's factual findings, even if there was also evidence to support contrary findings, the ALJ's factual findings must be upheld.

### III. ANALYSIS

Plaintiff disagrees with the ALJ's conclusion that he is not eligible for Social Security Disability Benefits. See Doc. 19 at 2. In his motion for summary judgment, Plaintiff asserts that

> Remand is warranted pursuant to the sixth sentence of 42 U.S.C. § 405(g) for proper consideration of new and material evidence and in accordance with Borders v. Heckler, 777 F.2d 954 (4th Cir. 1985). In the alternative, the ALJ's assessment of Plaintiff's residual functional capacity [("RFC")] is not supported by substantial evidence in the record because it is contrary to the Fourth Circuit's finding in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), because it is contrary to the Fourth Circuit's finding in Bird v. Commissioner of Social Security, 699 F.3d 337 (4th Cir. 2012), because the Appeals Council failed to consider evidence submitted to it when it denied review pursuant to Wilkins v. Secretary, Dept. of Health & Human Servs., 953 F.2d 93 (4th Cir. 1991) (en banc) and in accordance with Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011), because the ALJ failed to accord any evidentiary weight to the Compensation & Pension ("C&P") examination performed on July 18, 2012 in accordance with Gordon v. Schweiker, 725 F.2d 231 (4th Cir. 1984), and the ALJ improperly discredited the opinion of the treating physician and failed to comply with 20 C.F.R. § 404.1527 and in accordance with Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005).

Doc. 13 at 1–2.

In the R&R, the Magistrate Judge rejects Plaintiff's arguments for remand and summary judgment. See R&R. Specifically, the R&R recommends the following: (1) remand is not warranted under 42 U.S.C. § 405(g); (2) the ALJ's assessment of Plaintiff's residual functional capacity ("RFC") was supported by substantial evidence; and (3) the Appeals Council did not err when it denied review. R&R at 9–22.

In his objections to the R&R, Plaintiff requests that the R&R be rejected and that summary judgment be entered in Plaintiff's favor for various reasons. See Doc. 19. Plaintiff asserts the following objections with regard to the ALJ's assessment of Plaintiff's RFC: Plaintiff (1) "objects to the Magistrate Judge's recommendations that the ALJ did not fail to accord

4

evidentiary weight to the Compensation and Pension ("C&P") examination performed on July 18, 2012;" (2) objects "that the ALJ properly considered post-date last insured evidence;" and (3) objects "that the ALJ did not err in discrediting the opinion of the treating physician." Id. at 2. Additionally, Plaintiff claims such objections warrant remand. Id. at 4–14. Finally, Plaintiff objects "that the Magistrate Judge failed to adequately address whether the Appeals Council erred in failing to consider evidence." Id. at 2

### A. The ALJ Properly Weighed the C&P Examination

In his objections, Plaintiff claims that the "Magistrate Judge erred in finding that the ALJ was not required to assign evidentiary weight to the C&P examination and the omission to do so was harmless." Id. at 3. The Magistrate Judge stated in the R&R that "the C&P examination was not a medical opinion as defined under Social Security regulations, and any failure to explicitly assign evidentiary weight to it was harmless and not a basis for remand." R&R at 19.

"ALJs must consider all medical opinions in the record." 20 C.F.C. § 404.1527(b). A "medical opinion" is defined as a "statement from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), including physical or mental restrictions." Id. at (a)(1). In Bird, the Fourth Circuit noted that "at least some weight" should be given to a Department of Veterans Affairs ("VA") disability determination, as the VA and SSA both "serve the same governmental purpose of providing benefits to person unable to work because of a serious disability." 699 F.3d at 343. Additionally, the Court held that "a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." Id. As such, the SSA "must give substantial weight to a VA disability rating" and may give less weight "when the record before the ALJ

5

clearly demonstrates that such a deviation is appropriate." Id.

Here, Plaintiff underwent a C&P examination in July 2012 to determine if he was disabled under VA regulations. R&R at 3; R. 1926-946. Dr. Heath Patterson, a psychologist, performed the C&P examination and "determined that [Plaintiff] met the diagnostic criteria for PTSD and bipolar disorder, mixed with psychotic features." R&R at 3; R. 1927-929, 1938-941. Dr. Patterson found the signs of a formal thought disorder to be largely absent and found Plaintiff to be appropriately groomed, fully alert and oriented. R&R at 3; R. 1942-944. Notably, Plaintiff "completed multi-step commands without difficulty and correctly followed the examiner's instructions." R&R at 3; R. 1943. After completing the C&P examination, Dr. Patterson "did not assess [Plaintiff] to have total occupational and social impairment." R&R at 3; R. 1929. "In November 2012, as a result of the C&P examination, the VA issued [Plaintiff] a disability rating of 100% for PTSD and bipolar disorder," R&R at 4; R. 263-65, and assessed him "to have a Global Assessment of Functioning ("GAF") score of 40." R&R at 4; R. 264. The VA did not determine Plaintiff to be unemployable. R&R at 4; R. 163.

The ALJ, in reviewing the C&P examination results, noted Plaintiff's functional limitations. R&R at 10; R. 20. The ALJ discussed the C&P examination results during his recitation of the longitudinal treatment record and referenced key findings from the examination. Doc. 16 at 24. "However, the ALJ also highlighted that the examination revealed [Plaintiff] 'completed multi-step commands without noticeable difficult, correctly followed instructions, and demonstrated no dysfunction in long-term recall abilities, abstract reasoning, or short-term recall.'" R&R at 10 (quoting R. 21). As such, the ALJ concluded that "the evidence is insufficient to establish that the claimant, in this case, was mentally or physically incapable of working within the [RFC] noted above." R. 21.

6

While Plaintiff argues that "this matter should be remanded for proper consideration and assignment of evidentiary weight to the C&P examination," Doc. 19 at 9, the Court, in agreement with the Magistrate Judge, finds Plaintiff's argument unpersuasive. The C&P examination is not used to provide medical treatment, but rather to determine eligibility for VA disability benefits. R&R at 19–20; R. 1926, 1942. The examiner serves as an assessor, "and not as a treatment provider." R&R at 20; R. 1942. Notably, the C&P examination does not diagnose Plaintiff for the purposes of treatment or "reflect judgments about the nature and severity of [his] impairment(s)." R&R at 20; 20 C.F.R. § 404.1527(a)(1). Additionally, the limitations documented on the C&P examination were "symptoms" Plaintiff allegedly experienced, not Dr. Patterson's medical judgment of Plaintiff's functional capabilities or limitations. Doc. 16 at 24; see 20 C.F.R. §§ 404.1528, 404.1529 (symptoms are a description of a claimant's physical or mental impairment and are not enough to establish a disabling physical or mental impairment). Only medical opinions need to be evaluated using the factors outlined in 20 C.F.R. § 404.1527(c). 20 C.F.R. § 404.1529. As such, the ALJ was not required to explicitly weigh the C&P examination. Ultimately, however, the ALJ assigned substantial weight to the VA disability rating, which the C&P examination produced. R&R at 20; R. 21. As such, the Magistrate Judge did not err in finding that because "the ALJ was not required to assign evidentiary weight to the C&P examination, and because the omission was otherwise harmless, remand is not appropriate." R&R at 20.

B.  **The ALJ Properly Considered Post-Date Last Insured Evidence**

In his objections, Plaintiff claims that the Magistrate Judge improperly considered post-date last insured ("post-DLI") evidence. Doc. 19 at 9–11. The Magistrate Judge stated in the R&R that "the ALJ in this case did consider Dr. Meyers' post-DLI evidence, but assigned little

7

weight to it because Dr. Meyers did not properly opine on Parker's condition during the period of alleged disability." R&R at 18; R. 21. The Magistrate Judge found that "because the ALJ considered the post-DLI evidence and explained why he assigned little evidentiary weight to it, there is no basis for remand under Bird." R&R at 18. Notably, the ALJ considered the medical source opinion of Dr. Meyers dated July 16, 2015 and determined that "[a]lthough [Dr. Meyers] reports that the claimant has marked limitations in multiple areas, the opinion was given several years after the claimants' insured status expired and is written in present tense, indicating current functioning rather than functioning in 2012." R&R at 19; R. 21 (emphasis in original).

The ALJ complied with Bird in considering Dr. Meyers' medical source opinion of July 16, 2015. In Bird, the Fourth Circuit noted that the ALJ should consider post-DLI evidence when it is relevant to prove disability arising before the claimant's DLI. 699 F.3d at 340–41; R&R at 18. Here, while Dr. Meyers' opinion was drafted more than two (2) years after Plaintiff's DLI, the ALJ considered Dr. Meyers' post-DLI evidence. R&R at 18–19; R. 21. The ALJ assigned little weight to the opinion because Dr. Meyers did not properly express a view on Plaintiff's condition during the period of his alleged disability. R. 21. Because Bird requires the ALJ to consider post-DLI evidence where relevant to proving disability before DLI and because the ALJ did just that with Dr. Meyers' opinion, the ALJ properly considered post-DLI evidence. Thus, the Magistrate Judge properly addressed post-DLI evidence.

C.  **The Magistrate Judge Properly Considered the Opinion of Dr. Lee**

In his objections, Plaintiff claims that "[c]ontrary to the Magistrate Judge's finding, the ALJ failed to provide good reason to discount the opinion of the longtime treating physician Dr. Lee." Doc. 19 at 12. On July 13, 2012, Dr. Lee opined that Mr. Parker "does have a diagnosis of bipolar disorder. He is under considerable stress. He is seeking employment but I feel he is

8

not able to work at this time until after his medical and psychological problems have been fully evaluated." R. 269.

The ALJ "assigned little weight to Dr. Lee's July 13, 2012, opinion. Specifically, the ALJ stated that the opinion deserved little weight because Dr. Lee's conclusion that Parker could not work went to an administrative issue reserved to the Commissioner." R&R at 11; R. 21 (citing 20 C.F.R. § 404.1527). Additionally, the ALJ "noted that Dr. Lee's opinion did not provide a function-by-function assessment of Parker's mental capabilities, or that any limitations present then would last for at least twelve months." R&R at 11; R. 21. Further, the ALJ explained how other evidence in the record was inconsistent with a determination of disability. R&R at 21; see, e.g., R. 20 ("This level of academic performance is inconsistent with having a disabling medical condition."); R. 21 (noting that the C&P examination revealed Plaintiff "completed multi-step commands without noticeable difficulty, correctly followed instructions, and demonstrated no dysfunction in long-term recall abilities, abstract reasoning, or short-term recall.").

Plaintiff claims that "the ALJ was obligated to evaluate and weigh medical opinions pursuant to" certain factors listed in Barnhart. Doc. 19 at 12 (citing Barnhart, 434 F.3d at 654; 20 C.F.R. § 404.1527 (2005)). The Magistrate Judge found that "because the ALJ identified multiple, proper bases for assigning the opinion little weight, he did not err." R&R at 21. Additionally, "there was substantial inconsistent evidence in the record that would independently support the ALJ's decision to assign little weight to Dr. Lee's opinion on disability." Id.

Generally, Social Security regulations require an ALJ to afford significant weight to the medical opinions of treating physicians. Id.; see 20 C.F.R. § 404.1527(c)(2). However, the ALJ can assign less evidentiary weight, or discredit entirely opinions that either opine on an issue

reserved to the Commissioner or are contradicted by substantial evidence in the record. R&R at 21; see 20 C.F.R. §§ 404.1527(c)(2), (d)(1). The SSA is "responsible for making the determination or decision about whether [an individual] meet[s] the statutory definition of disability." 20 C.F.R. § 404.1527(d)(1). Also, a "statement by a medical source that [an individual is] 'disabled' or 'unable to work' does not mean that [the SSA] will determine that [the individual is] disabled." Id.

Here, the ALJ properly assigned less evidentiary weight to Dr. Lee's opinion that Plaintiff was "not able to work at this time." R. 21. The ALJ properly discredited the opinion on the basis that the opinion regarding Plaintiff's disability is an issue reserved for the Commissioner and went on to explain how the determination of disability was inconsistent with the other evidence in the record. R&R at 21; see, e.g., R. 20; R. 21. As such, the Magistrate Judge properly considered Dr. Lee's opinion.

**D.    The Magistrate Judge Properly Addressed the Appeals Council's Denial of Review**

In his objections, Plaintiff argues "the Court cannot determine whether substantial evidence supports the ALJ's denial of benefits because the Appeals Council summarily denied review of the evidence." Doc. 19 at 14. Plaintiff claims that the "Appeals Council simply failed to remand this matter to allow for further fact finding considering the new medical evidence in this matter." Id. The Magistrate Judge argues that "the Appeals Council did consider the new evidence submitted by Parker," and, as such, "it did not err." R&R at 18; R. 2. Specifically, Plaintiff provided the Appeals Council with letters from his doctors, Dr. Meyers and Dr. Lee, which opined that Plaintiff was totally and permanently disabled and had been unable to work for many years. Compl., Exs. 1, 2.

After the ALJ renders a decision, "a Claimant who has sought review from the Appeals

Council may submit new and material evidence to the Appeals Council as part of the process for requesting review of an adverse ALJ decision." Doc. 19 at 13 (citing 20 C.F.R. §§ 404.968, 404.970(b)). "When new and material evidence is submitted for the first time to the Appeals Council, it will be evaluated along with the entire record that was before the ALJ." R&R at 22 (citing Astrue, 662 F.3d at 705). The "regulations do not require the Appeals Council to articulate its rationale for denying a request for review." Astrue, 662 F.3d at 705–06. Rather, "[o]nly if the Appeals Council grants a request for review and issues its own decision on the merits is the Appeals Council required to make findings of fact and explain its reasoning." Id. at 706 (citing 20 C.F.R. §§ 404.979, 404.1527(f)(3)) (emphasis in original). If, upon consideration of all of the evidence, the Appeals Council finds that the ALJ's findings are "not contrary to the weight of the evidence," the Appeals Council may "simply deny the request for review." Id. at 705. An "explanation of denial in light of new and material evidence can be helpful for the purposes of judicial review, but is not required so long as the record provides 'an adequate explanation of [the Commissioner's] decision.'" R&R at 22 (quoting Astrue, 662 F.3d at 706 (quoting DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983))). Where the "other record evidence credited by the ALJ conflicts with the new evidence," there is a need to remand the matter to the fact finder to "reconcile that [new] evidence with the conflicting and supporting evidence in the record." Astrue, 662 F.3d at 705–06.

Here, the Appeals Council did not err in denying review because it considered the new evidence submitted by Plaintiff. R. 2. Additionally, because the evidence was neither new nor material, it did not require an explanatory denial. Specifically, the letters submitted by Dr. Meyers and Dr. Lee are not new evidence because these doctors were available to Plaintiff prior to the hearing. Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990). Further, the letters are

immaterial because they offer opinions on the determination of disability. See 20 C.F.R. § 404.1527. The determination of disability is reserved to the Commissioner. Id. "To that end, they would not have changed the outcome of the ALJ's decision, especially in light of the fact that similar opinion evidence by Dr. Lee during the hearing was afforded little weight." R&R at 22–23 (citing R. 21). As such, the Magistrate Judge properly addressed the Appeals Council's denial of review.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections to the Magistrate's Judge's Report and Recommendation, Doc. 19, and **ADOPTS**, in its entirety, the Magistrate Judge's Report and Recommendation, Doc. 18. The Court **GRANTS** Defendant's Motion for Summary Judgement, Doc. 15, and **DENIES** Plaintiff's Motion for Remand, Doc. 7, and Motion for Summary Judgment, Doc. 13. Finally, the Court **AFFIRMS** the Recommendation of the Magistrate Judge that the final decision of the Acting Commissioner be upheld.

Plaintiff is advised that he may appeal from this Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order. If Plaintiff wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July ___, 2017